United States District Court
Southern District of Texas
**ENTERED**
June 15, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **CARLOS JAIME TORRES CARDENAS** § § | |
| Petitioner, § | MISC. ACTION NO. 7:07-MC-00022 |
| V. § § | |
| **JEFFERSON SESSIONS**, Attorney General § of the United States of America, et al., | |
| Respondents. | |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, tendered an application pursuant to 28 U.S.C. § 2241, which asks this Court to accord him the status of a "citizen or national" of the United States to prevent his deportation. (Dkt. No. 1 at 8). At the time Petitioner filed his application, he was detained in the Port Isabel Detention Center in Los Fresnos, Texas (A # 10-524-232).

This case was referred to the undersigned United States Magistrate Judge for report and recommendation. After a review of the record and relevant law, the undersigned respectfully recommends that this action be **DISMISSED** without prejudice for want of prosecution and for failure to comply with a court order and the Local Civil Rules. It is further recommended that this case be closed.

## BACKGROUND

Petitioner proceeds pro se. Here, Petitioner has not paid the $5.00 filing fee, nor has he tendered an application for leave to proceed *in forma pauperis* ("IFP"). On April 23, 2007, United States Magistrate Judge Dorina Ramos issued an order, requiring Petitioner either to pay the filing fee or, in the alternative, to file an application for leave to proceed IFP, and warning that failure to comply may result in dismissal. (*See* Dkt. No. 2). Significantly, the order was

returned as undeliverable in May 2007, indicating Defendant was "Not Here at PIDC." (Dkt. Nos. 3-4). Petitioner has never complied with the order.

A recent search of the U.S. Immigration and Customs Enforcement (ICE) online detainee locator system (ODLS) yielded no results for Petitioner. "ODLS does not reveal whether a person was removed. The system will only reveal if a person is currently in ICE custody." *About the Detainee Locator*, USCIS, https://locator.ice.gov/odls/#/about (last visited June 13, 2018). Finally, Petitioner has not updated his address with the Clerk of the Court, so Petitioner's current whereabouts are unknown.

## APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

The undersigned finds that Petitioner's § 2241 petition should be dismissed without prejudice for the following reasons. Petitioner has not communicated with the Court since he filed his petition in April 2007. Further, Judge Ramos's April 23rd order was returned as undeliverable, and Petitioner has never complied with that order. Since filing his petition, approximately eleven years have passed. Petitioner has not provided a current address to the Clerk of the Court, as required by our Local Civil Rule 83.4.[1]

---

[1] "Change of Address. Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address. Counsel of record and pro se

The combination of Petitioner's lack of communication, failure to comply with the order issued, and failure to maintain a current address with the Court provides an adequate basis for dismissal of the petition without prejudice for want of prosecution and for failure to comply with a court order and the Local Civil Rules. *See, e.g., Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal). Moreover, a sanction less drastic than dismissal is futile at this point.

## CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Petitioner's § 2241 petition (Dkt. No. 1) be **DISMISSED** without prejudice for want of prosecution and failure to comply with a court order and the Local Civil Rules. It is also recommended that this miscellaneous action be closed.

SIGNED this 15th day of June, 2018, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge

---

litigants must include in this advice the case numbers of all pending cases in which they are participants in this district." S.D. Tex. Civ. R. 83.4. When a pro se petitioner attempts to file as IFP, the miscellaneous action to resolve the IFP proceeding is still civil in nature. *See Saahir v. Johnson*, 184 F.3d 816 (5th Cir. 1999); *Estrada v. United States*, No. M-16-244, 2017 WL 4457588 (S.D. Tex. Sept. 13, 2017).